Brooklyn Defenders (BDS)

**Brooklyn Defender Services**
177 Livingston St, 7th Fl
Brooklyn, NY 11201

Tel (347) 977-7701
Fax (718) 254-0897
alampert@bds.org

July 18, 2026

By ECF
Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: *E.T.G. v. Genalo et al.*, No. 26-cv-4274 (Bulsara, J.)**

Dear Judge Bulsara:

Petitioner's counsel respectfully submits this letter to address Respondents' letter requesting dismissal due to the fact that Petitioner is in custody in Nassau County pursuant to a Writ of Habeas Corpus Ad Prosequendum, which they maintain means "Petitioner is not currently in federal custody." ECF No. 6. Subsequently, the Court ordered Respondents to file a letter indicating when he has been returned to federal custody within 24 hours of that return. Order of J. Bulsara, July 18, 2026.

As the Petition set forth, Petitioner had been transferred from the Orange County Jail to Nassau County Correctional Center (NCCC) pursuant to a writ ad prosequendum. ECF No. 1 (Petition) at ¶ 36; ECF No. 1-5 (copy of writ attached as Exhibit E). However, in such a situation, contrary to Respondents' suggestion that Petitioner is not presently in their custody, Respondents continue to maintain primary custody over Petitioner. *See, e.g., Vidal-Martinez v. Prim*, No. 20-cv-5099 (SLE), 2020 WL 6441341, at *5 (N.D. Ill. Nov. 3, 2020) (petitioner 'loaned' from ICE detention center to Indiana jail pursuant to a writ of habeas corpus ad prosequendum "[was] only in Indiana for purposes of prosecution and [was] still in ICE custody."); *Pope v. Perdue*, 889 F.3d 410, 412–13 (7th Cir. 2018) ("Using [a writ of habeas corpus ad prosequendum], a sovereign may take temporary custody of a prisoner in the custody of another sovereign, for the purpose of prosecution, without acquiring primary custody."); *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."); *see also Dutton v. United States Att'y Gen.*, 713 F. Supp. 2d 194, 200–01 (W.D.N.Y. 2010) (reviewing cases demonstrating that a writ of habeas corpus ad prosequendum does not terminate the primary custody of the 'loaning' jurisdiction and finding, *id.* at 201, that New York did not "'relinquish' primary custody" when it 'loaned' the petitioner to federal authorities pursuant to such a writ).

Respondents' request that the Petition "should be dismissed as to the Federal Respondents" is thus incorrect, and Petitioner respectfully requests that Respondents be directed to respond

Brooklyn Defenders

substantively to the claims in the Petition[1] in addition to updating the Court and parties of any transfer of Petitioner to an ICE detention facility within this district or the Southern District of New York, consistent with the Court's Order to Show Cause issued on July 16, 2026.

Respectfully submitted,

*/s/ Alexandra Lampert*
Alexandra Lampert
Brooklyn Defender Services
177 Livingston Street, 7th Floor
Brooklyn, NY 11201
alampert@bds.org
(347) 977-7701

cc: Counsel of Record (by ECF)

[1] As to the substance of the claims, Petitioner's counsel notes that the declaration submitted by Respondents maintains that he was detained by ICE pursuant to 8 U.S.C. § 1226(c), the mandatory detention statute. *See* ECF No. 6-1 (Decl. of Dmitry Rousseau) at ¶11. However, as set forth in the Petition, Petitioner cannot be properly detained under 8 U.S.C. § 1226(c), particularly now with resolution of his then-pending Nassau county criminal matter to a non-criminal violation. *See* ECF No. 1 (Pet.) at ¶¶ 5, 59–73.