**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

September 23, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *E.T.G. v. Genalo, et. al.*, No. 26-cv-4274 (Bulsara, J.)

Dear Judge Bulsara:

This Office represents Respondents Kenneth Genalo, New York Field Office Director, Immigration and Customs Enforcement ("ICE"); David J. Venturella, Senior Official Performing the Duties of the Director, ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, Attorney General of the United States (collectively, the "Federal Respondents") in the above-captioned habeas action. The Federal Respondents write pursuant to Federal Rule of Civil Procedure ("Rule") 58(d), section VI.A.6 of the Court's Individual Practices in Civil Cases, and Local Civil Rule 7.1(e), to respectfully request that the Court enter judgment in the above-referenced matter.

On July 25, 2026, the Court issued a Memorandum and Order (the "Order") which, *inter alia*, provisionally granted Petitioner E.T.G.'s ("Petitioner") motion for a writ of habeas corpus and directed that Petitioner be released before 10:00 p.m. that same day. *See* Docket Entry ("DE") No. 14. Petitioner was released in accordance with the Order. *See* DE 15 (letter dated July 25, 2026, confirming Petitioner's release). The Order further enjoined the Federal Respondents from detaining Petitioner "absent further direction from this Court," and prohibited the Federal Respondents from monitoring Petitioner's location through the "use of ankle monitors or similar technology." Order at 10. The Court has not yet entered judgment in this habeas proceeding. *See* Docket, generally.

Federal Rule of Civil Procedure 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Federal Rule of Civil Procedure 58(a) states that a judgment "must be set out in a separate document," except for in limited circumstances that are inapplicable here. Fed. R. Civ. P. 58(a).

The Court has ordered all the relief available in this case: it has ordered Petitioner to be released without any monitoring by ICE, and prohibited Petitioner's re-detention absent this Court's further order, "because in this Order the Court provisionally grants the writ." Order at 10. Because there is nothing left for the Court to do to with respect to Petitioner's habeas petition, the

Court should enter judgment to conclude these proceedings and provide the Federal Respondents with "clear notice as to when their time to appeal and to file any post-judgment motions begins to run." *Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 160 F.4th 38, 50 (2d Cir. 2025). As is, the Federal Respondents do not have clear notice of when their time to appeal begins to run because "'an order that is part of a district court opinion or memorandum' – for example, a decision granting summary judgment in favor of plaintiffs in a '14-page opinion that state[s] 'So Ordered' at the end' – does not satisfy Rule 58's requirement." *Id.* at 45. Here, the Court "So Ordered" its July 25, 2026 Order but has not yet entered judgment. The Federal Respondents respectfully request that the Court enter judgment so they know for certain when their time to appeal begins. *See id.* ("[T]o promote even greater clarity, we have held that the 'separate document must be labeled a 'judgment.''") (citing *Axel Johnson Inc. v. Arthur Andersen & Co.*, 6 F.3d 78, 84 (2d Cir. 1993) ("One clear way to [ensure parties' have clear notice] is to call a judgment a judgment.")).

Therefore, pursuant to Rule 58(d), the Federal Respondents respectfully request that the Court enter judgment in this habeas proceeding.

The Federal Respondents thank the Court for its attention to this matter.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: *<u>/s/ Thomas R. Price</u>*
Thomas R. Price
Assistant U.S. Attorney
(631) 715-7893
thomas.price@usdoj.gov

cc: <u>(by ECF)</u>
All counsel of record

## CERTIFICATE OF COMPLIANCE

The foregoing letter motion in support of Respondents' motion for judgment pursuant to Federal Rule of Civil Procedure 58(d) complies with Local Civil Rule 7.1, and section VI.A of the Court's Individual Practices in Civil Cases, in that it contains 569 words, excluding the caption, signature block and this certificate.

Dated: Central Islip, New York
September 23, 2026

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
*Attorney for Respondents*

By: /s/ *Thomas R. Price*
THOMAS R. PRICE
Assistant U.S. Attorney
(631) 715-7893
thomas.price@usdoj.gov